**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTHA S. ESPIRITU, | No. 17-16209 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01933-JAD-PAL |
| v. | |
| CAPITAL ONE, N.A.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted October 19, 2018
San Francisco, California

Before: HAWKINS and HURWITZ, Circuit Judges, and EATON,[**] Judge.

Martha Espiritu ("Espiritu") appeals from the district court's grant of summary judgment in favor of defendant Capital One, N.A. ("Capital One") on her claim for relief under Nevada's foreclosure statutes. Espiritu's home was sold at non-judicial foreclosure after she failed to make mortgage payments for over a year.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.  Under Nevada's foreclosure law a court may, under certain circumstances, enjoin a foreclosure sale, if an action is commenced by a "grantor" or person who holds title.  *See* NEV. REV. STAT. § 107.080(8).  But subsection (8) provides no relief if a foreclosure sale has already occurred before a suit is filed.  Thus, any error made by the district court in finding that Espiritu was not a grantor was harmless because, by the time the case was brought, the foreclosure sale had been completed and there was nothing to enjoin.

2.  As to whether the note and deed of trust were in the same hands at the time of foreclosure, the uncontested evidence is that U.S. Bank N.A. owned the note and the deed of trust at the time of foreclosure, and authorized the trustee, Capital One, to proceed.  *See Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 254 (Nev. 2012); *see also Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1039 (9th Cir. 2011).

3.  Finally, Espiritu failed to show an issue of material fact regarding the trustee's compliance with the statutory notice requirements.  *See* NEV. REV. STAT. § 107.080(5)(a) (trustee must "substantially" comply with notice requirements); *Schleining v. Cap One, Inc.*, 326 P.3d 4, 8 (Nev. 2014).

4.  Because Espiritu has not demonstrated that the district court erred in granting summary judgment against her, we need not consider whether striking the

jury demand was proper.

**AFFIRMED.**